## JOE McCLATCHEY v. STATE.

No. A-2777.    Opinion Filed January 25, 1919.

(177 Pac. 922.)

1. **HOMICIDE — Appeal—Self-Defense—Question for Jury—Sufficiency of Evidence.** In a homicide case, where there is evidence supporting the theory of the state that the defendant did not act in self-defense, and also evidence supporting the theory of the defendant that he acted in self-defense, it is the exclusive province of the jury to determine which is the correct theory; and, having done so, if the instructions of the court properly present the law of the case, this court will not disturb the verdict rendered.

2. **HOMICIDE—Instructions.** The instructions given, and the instructions requested and refused, carefully considered, and the giving of said instructions, and the refusal to give such requested instructions. found free from prejudicial error.

3. **HOMICIDE—Indictment and Information—Murder.** An information for murder, which also includes the crime of manslaughter in the first degree, which, after alleging the venue and time, charged that defendant feloniously and with premeditation fatally shot deceased, contrary to the statutes, etc., was sufficient against demurrer.

4. **TRIAL—Requested Instructions—Given Instructions.** The refusal of requested instructions was not error, where the principles contained therein were given in the general instructions of the court.

5. **SAME—Instructions—Instructions as a Whole.** Instructions must be considered as a whole.

*Appeal from District Court, Haskell County;*

*W. H. Brown, Judge.*

Joe McClatchey was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*A. L. Beckett* and *H. M. Carr,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Joe Mc-Clatchey, hereinafter designated defendant, was informed against for the murder of Columbus Hess, convicted of manslaughter in the first degree, and sentenced to confinement in the penitentiary at hard labor for the term of four years.  To reverse the judgment rendered, the defendant prosecutes this appeal.

The charging part of the information is as follows:

"That Joe McClatchey did, in Haskell county and in the state of Oklahoma, on or about the 21st day of December, in the year of our Lord one thousand nine hundred and thirteen, and anterior to the presentment hereof, commit the crime of murder, in the manner and form as follows, to wit:

"The said defendant, Joe McClatchey, in said state and county then and there being, did then and there unlawfully, willfully, and feloniously, without authority of law, and with a premeditated design then and there to effect the death of a human being, to wit, Columbus Hess, shoot and discharge a leaden bullet from a certain loaded pistol which he, the said Joe McClatchey, then and there had and held in his hand, into the body of him, the said Columbus Hess, then and there and thereby inflicting upon the body of him, the said Columbus Hess, a certain mortal wound, of which the said Columbus Hess did then and there die, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information, which demurrer was overruled, and an exception saved.

The evidence in this case is remarkable for the evident effort of each of the witnesses on each side of the case to tell the exact truth, and with the result, not often found in cases of this character, the entire evidence is almost without serious conflict.

The undisputed evidence is that on a Sunday, several of the friends of the defendant, including the deceased, at the invitation of the defendant, gathered at the home of the defendant to indulge in strong drink, which each of them, with one exception, did to the extent of becoming more or less intoxicated. The deceased concluded that one of the assembled guests of the defendant, C. M. Wilson, had not sufficiently indulged, and cursed and abused the said Wilson, and thereupon Wilson and deceased engaged in a fight in the house of the defendant, and were told by the defendant that if they, Wilson and deceased, wanted to fight, to go out into the yard, which Wilson and deceased, and others, including defendant, did; that Wilson and deceased clinched, and some one hollered that Hess had a pistol, and thereupon the defendant ran up and took the. pistol from Hess; that Hess cut Wilson with his knife, and thereupon Wilson drew out his knife, and that Hess and Wilson were standing there ready for further combat, when the defendant demanded of Wilson his knife, which Wilson surrendered to the defendant; and that the defendant then demanded of Hess his knife, which Hess refused to give up and defied the defendant, and the defendant continued to demand of Hess his knife, and thereupon defendant, with Hess' pistol, shot down on the ground near Hess' feet, and Hess cursed and defied the defendant, and defendant continued to advance on Hess and to demand of him his knife, and, shortly after the first shot was fired, another shot was fired by the defendant, which caused the almost instant death of Hess.

It was also testified by the defendant that, just before he fired the shot that caused the death of Hess, Hess lunged at defendant with his knife and cut his (defendant's) clothing, and that he (defendant) was forced to

shoot in self-defense, and these statements of the defendant were corroborated in part by other witnesses.

Other witnesses testified that, just before the fatal shot was fired, the hands of the deceased were hanging down by his side, and that he was retreating.

It was also in evidence, without contradiction, that prior to the difficulty, that resulted in the death of the deceased, defendant and deceased were good friends and associates.

The defendant excepted to many paragraphs of the instructions given by the court, and to the refusal of the court to give instructions requested, which said instructions given, and requested instructions refused, we deem unnecessary to insert herein.

Within the time provided by law, the defendant filed a motion for a new trial, which was heard, overruled, and exceptions saved.

We have carefully considered the information, and as it avers every element of the offense charged—which includes manslaughter in the first degree, the crime of which the defendant was convicted—and informed the defendant of the charge he was to meet, we are of the opinion that the court did not err in overruling the demurrer thereto. Section 5746, Rev. Laws 1910.

It is earnestly argued by the defendant that the verdict of the jury is not sufficiently supported by the evidence, and with this contention we cannot agree.

The defendant admits that he killed Hess at the time, place, and in the manner averred in the information, and there is evidence that in killing Hess he acted in self-defense, and there is also evidence tending to show that

the defendant was the aggressor in bringing on the difficulty, and that, when killed, Hess was retreating from the defendant. Consequently two theories were presented to the jury by the evidence, and it was the exclusive province of the jury to determine which theory was the correct one, and, the jury having found against the theory of the defendant, that he acted in self-defense in killing Hess, there being evidence, though in conflict, to support the verdict, if the jury was properly instructed as to the law of the case, this court will not disturb the verdict rendered.

We have carefully considered the instructions given, and the instructions refused, and are of the opinion that the court did not commit prejudicial error in giving said instructions, and in refusing to give the instructions requested. It is true that some paragraphs of the instructions given are somewhat involved, but, when considered as a whole, they correctly state the law of the case, and do not, as contended by the defendant, tend to mislead the jury or improperly instruct them as to the law of self-defense.

"The instructions must be considered as a whole." *(Updike v. State,* 9 Okla. Cr. 124, 130 Pac. 1107.)

"Where the instructions of the court, considered as a whole, fully and fairly present the law of the case and are not inconsistent, they are without error." *(Bill Nutt v. State,* 8 Okla. Cr. 266, 128 Pac. 165.)

The requested instructions refused contained principles of law given in the general instructions of the court, and hence were properly refused.

"It is not error for the trial court to refuse to give a requested instruction, although it may be a correct statement of the law, if the principles therein contained have already been given in the general instructions to the jury." *(Frank Manning v. State,* 7 Okla. Cr. 367, 123 Pac. 1029;

*Tom Spencer v. State,* 5 Okla. Cr. 7, 113 Pac. 224; *Ed Smith v. State,* 5 Okla. Cr. 282, 114 Pac. 350; *John Boutcher v. State,* 4 Okla. Cr. 576, 111 Pac. 1006; *Ed Ryan v. State,* 8 Okla. Cr. 623, 129 Pac. 685; *Davis Miller v. State,* 9 Okla. Cr. 55, 130 Pac. 813.)

Upon a thorough review of the motion for a new trial, we are of the opinion that the court did not err in overruling the motion.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.